E-FILED
Tuesday, 30 August, 2022  09:23:38 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-30002** |
| | ) | |
| **TERRY RIGNEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is Defendant Terry Rigney's *Pro Se* Motion for Compassionate Release [d/e 165], in which Defendant requests a reduction in his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).  The Government filed its Response [d/e 167] to the motion.  Because the Defendant has not identified any extraordinary and compelling reason warranting compassionate release under Seventh Circuit precedent, the Defendant's Motion [d/e 165] is denied.

## BACKGROUND

On January 3, 2018, a grand jury returned a two-count indictment against the Defendant.  Count One charged the Defendant and two co-Defendants with conspiracy to distribute 50 grams or more of methamphetamine (actual).  Count Two charged that the Defendant and co-Defendants, while aiding and abetting each other, knowingly and intentionally possessed with intent to distribute 50 grams or more of methamphetamine (actual).

On October 23, 2019, the Defendant pled guilty to Count One pursuant to a negotiated plea agreement.  The Parties agreed to a sentence of 118 months' imprisonment, which was just below the statutory mandatory minimum term.  While pending sentencing on the plea agreement, the parties agreed to the Defendant's release to home confinement with electronic monitoring, due to the Defendant's underlying medical conditions and the beginning of the COVID-19 pandemic.  On April 13, 2020, United States District Judge Richard Mills granted the Defendant's motion for medical furlough and ordered that he be released to home confinement.

On September 9, 2021, Judge Mills sentenced the Defendant to 118 months' imprisonment pursuant to the negotiated plea

agreement.  The Defendant is serving his sentence at Terre Haute FCI and has a projected release date of November 3, 2027.   See www.bop.gov/inmateloc.

On August 11, 2022, the Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).   The Government filed its Response on August 22, 2022.

## LEGAL STANDARD

The Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c)(2).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

behalf or the lapse of 30 days from the receipt of such a
request by the warden of the defendant's facility, whichever is
earlier, may reduce the term of imprisonment (and may
impose a term of probation or supervised release with or
without conditions that does not exceed the unserved portion
of the original term of imprisonment), after considering the
factors set forth in section 3553(a) to the extent that they are
applicable, if it finds that—

(i)     extraordinary and compelling reasons warrant such a
        reduction ... and that such a reduction is consistent with
        applicable policy statements issued by the Sentencing
        Commission.

18 U.S.C. § 3582(c)(1)(A). "Only after finding an extraordinary and

compelling reason for release need the [Court], as part of 'exercising

the discretion conferred by the compassionate release statute, ...

consider any applicable sentencing factors in § 3553(a).'" United

States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United

States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

## DISCUSSION

Attached to the Defendant's motion is the Warden's denial of

Defendant's request for compassionate release.  Accordingly, the

Defendant has exhausted his administrative remedies and his motion

is properly before the Court.

In support of his motion, the Defendant cites his ongoing

medical condition of systolic congestive heart failure and coronary

artery disease, which he states place him at a higher risk of adverse effects from COVID-19.   The Defendant further claims that he was taken off medication and given different medication which has worsened his conditions.   The Defendant also points to what he claims is the lack of medical treatment.

The Defendant has a history of coronary artery disease and congenital heart disease.   In 2016, the Defendant suffered a heart attack and had multiple stents inserted.   At the time the Defendant was released to home confinement, the COVID-19 pandemic was in its early stages and no vaccines had yet been developed.   Since that time, vaccines have been developed that are effective in preventing people from getting very sick if they contract the virus.   The Defendant has received the vaccine and offers no evidence that he is unable to benefit from receiving the vaccine.   In United States v. Broadfield, 5 F.4th 801 (7th Cir. 2021), the Seventh Circuit held that unless a prisoner can "show that he is unable to receive or benefit from a vaccine . . . the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an extraordinary and compelling reason for immediate release." Id. at 803.   Defendants who can show "that they are unable to receive or benefit from a

vaccine, or that they remain vulnerable to severe infection, notwithstanding the vaccine" might be able to establish extraordinary and compelling circumstances for release. <u>United States v. Rucker</u>, 27 F.4th 560, 563 (7th Cir. 2022).

In his motion, the Defendant complains about a lack of medical care while in the custody of the Bureau of Prisons. The Defendant's medical records have been filed under seal. <u>See</u> Doc. 169. The medical records show that Defendant was seen at FCI Terre Haute in anticipation of scheduling a cardiology appointment on August 1, 2022. <u>See id</u>. at 92. At that appointment, the Defendant was given an EKG and an echocardiogram. <u>See id</u>. The medical records appear to show that Defendant's medical condition has been under control during his incarceration, with the Defendant having complete access to medical care when needed. The Defendant is assigned to work detail and appears to function normally with certain limitations that are expected as part of his medical conditions. The Defendant tested negative for COVID-19 on June 7, 2022.

As of August 26, 2022, FCI Terre Haute reports four inmates who are positive for COVID-19 and five positive staff members. <u>See</u> bop.gov/coronavirus. The warden's response to the Defendant's

compassionate release request notes that the BOP is taking the pandemic very seriously and providing vaccines and boosters to inmates. The Defendant is not at a higher risk of serious illness based on his incarceration. Additionally, the Defendant has not shown that he unable to receive the vaccine or that he is unable to benefit from it. For these reasons, the Court concludes that Defendant has failed to establish extraordinary and compelling circumstances to grant him compassionate release.

Assuming the Defendant has established extraordinary and compelling reasons that would warrant compassionate release, the Court would then consider the applicable sentencing factors under 18 U.S.C. § 3553(a) in determining whether to grant Defendant's motion. See United States v. Newton, 37 F.4th 1207, 1210 (7th Cir. 2022). The Defendant has served approximately 32% of his 118-month term for conspiracy to distribute and distribution of 500 grams or more of methamphetamine. In committing that crime, the Defendant traveled to Colorado to pick up methamphetamine and brought it back to the Central District of Illinois for distribution. Although the Defendant suffered a heart attack in 2016, the Defendant's health did not stop him from engaging in the criminal

conduct in this case and using methamphetamine up until his arrest in December 2017.  The Defendant has a significant criminal history which includes convictions for possession of methamphetamine, possession of a controlled substance, possession of methamphetamine manufacturing materials, and battery.  The Defendant is assessed to be at a medium risk to reoffend.

Even if the Defendant could establish extraordinary and compelling reasons, factors such as the need to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protecting the public from further crimes weigh against granting compassionate release.  Granting the compassionate release motion would also be unfair to the co-Defendants, both of whom are serving significant prison terms, and other similarly situated individuals.  Accordingly, the relevant sentencing factors weigh against the Defendant's early release.

For the reasons set forth above, Defendant Terry Rigney's *Pro Se* Motion for Compassionate Release [d/e 165] is DENIED.

For good cause shown, the Government's Motion for leave to file Exhibit under Seal [d/e 168] is GRANTED.  The medical records [d/e 169] have been filed under seal.

The Clerk is DIRECTED to send a copy of this Opinion to Defendant Terry A. Rigney, Jr., 22268-026, FCI Terre Haute, Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808.

ENTER: August 29, 2022

     FOR THE COURT:

          /s/ *Sue E. Myerscough*
          SUE E. MYERSCOUGH
          UNITED STATES DISTRICT COURT